IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL H. MURDOCK, et al., | ◊ | |
| | ◊ | |
| Plaintiffs, | ◊ | |
| | ◊ | |
| v. | ◊ | No. 11-1220-JDB-egb |
| | ◊ | |
| STATE OF TENNESSEE, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER DENYING CLASS CERTIFICATION
ORDER CORRECTING THE DOCKET
ORDER ON PENDING MOTIONS
AND
ORDER OF PARTIAL DISMISSAL

On July 5, 2011, the Plaintiffs, Marshall H. Murdock, Tennessee Department of Correction ("TDOC") prisoner number 363417; Charles H. Roberts, TDOC prisoner number 428139; Julius Perkins, TDOC prisoner number 258949; and Rudolph Powers, TDOC prisoner number 95360, all of whom were at the time inmates at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a joint *pro se* complaint pursuant to Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, in the United States District Court for the Middle District of Tennessee, accompanied by a legal memorandum. (Docket Entries ("D.E.") 1 & 2.) On July 18, 2011, each Plaintiff filed a motion for appointment of counsel. (D.E. 12, 14, 16 & 18.)

After Plaintiffs filed the required documents, United States District Judge Todd J. Campbell issued an order on July 22, 2011 granting leave to proceed *in forma pauperis*, assessing each plaintiff one-quarter of the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferring the case to this district, where venue was proper. (D.E. 21.) The case was docketed in this district on July 22, 2011. (D.E. 22.) The Clerk shall record the Defendants as the State of Tennessee, TDOC Commissioner Derrick R. Schofield (whose name was misspelled as "Scholfield" in the case caption), TDOC Assistant Commissioner of Operations Reuben Hodge (whose first name was misspelled as "Ruben"), former NWCX Warden David Mills, NWCX Deputy Warden Brenda Jones, NWCX Assistant Warden for Operations Melvin Tirey, NWCX Health Care Administrator Samantha Phillips, and NWCX Physicians Assistant ("PA") Amanda Collins.[1]

The inmates purport to sue on their own behalf and on behalf of all other similarly situated prisoners in TDOC custody. (D.E. 1 at 1.) A party in federal court must proceed either through licensed counsel or on his or her own behalf. *See* 28 U.S.C. § 1654. A *pro se* litigant can only represent his own interests and

---

[1] The complaint also purports to sue "JOHN and JANE DOE, Yet Unnamed." (D.E. 1 at 1.) Service of process cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. *See* Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821, 117 S. Ct. 78, 136 L. Ed. 2d 37 (1996). Thus, if Plaintiffs seek to sue any other individual or entity, they must identify the defendant and file a new lawsuit within the applicable statute of limitations period.

can only sign pleadings on his own behalf. Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2002), *reh'g denied* (Fed. 24, 2003); Garrison v. Fleet Fin., Inc., ___ F. App'x ___, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999). Therefore, Plaintiffs, who are *pro se* litigants, cannot prosecute this case as a class action. Leave to certify a class of prisoners is DENIED. The Clerk is directed to correct the docket to reflect that Murdock, Roberts, Perkins, and Powers are the only Plaintiffs.

When this action was commenced, each Plaintiff was housed at the NWCX. That is no longer the case. Murdock is currently housed at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, located in the Middle District of Tennessee, and Roberts is now at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, located in the Eastern District of Tennessee. Perkins and Powers remain at the NWCX. Because a *pro se* litigant cannot represent anyone other than himself, Plaintiffs cannot file joint pleadings, motions, or other papers unless every Plaintiff personally signs the filing. That appears to be impractical in this case, where filings have been made on behalf of all the Plaintiffs but have not been signed by each plaintiff. (*See, e.g.*, D.E. 23 (signed only by Plaintiff Murdock), D.E. 31 (same), D.E. 32 (same), D.E. 34 (same), D.E. 35 (same).) Murdock recognized as much when, in a later pleading, he stated that he had been unable to communicate with Perkins and Powers. (D.E. 43 at 1.)[2]

---

[2] Had the case been filed initially in this district, the Court would have severed the cases in anticipation of the logistical difficulties that have
(continued...)

3

Plaintiffs have submitted motions for the appointment of counsel. (D.E. 12, 14, 16 & 18.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993). "In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." Id. (internal quotation marks omitted). "This generally involves a determination of the complexity of the factual and legal issues involved." Id. (internal quotation marks omitted).[3] Appointment of counsel is not appropriate when "a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." Id. (internal

---

[2] (...continued)
subsequently arisen. Each Plaintiff would have been required to pay the entire civil filing fee and to file his own complaint. In this case, however, the case was initiated in the Middle District, and Judge Campbell effectively ratified Plaintiffs' decisions to file a joint complaint by assessing each Plaintiff a *pro rata* share of the filing fee. The order assessing the filing fee is now the law of the case, and the Court will not sever the cases. As will be discussed *infra*, because they have chosen to file their actions jointly, the individual Plaintiffs will not be permitted to amend to add new claims against new parties that do not arise out of the operative facts of the instant suit.

[3] Plaintiffs are not entitled to an evidentiary hearing on the issue. Sutton v. United States Small Bus. Admin., 92 F. App'x 112, 116 (6th Cir. 2003).

citations omitted); *see also* Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[4]

Plaintiffs have not satisfied their burden of demonstrating that appointment of counsel would be appropriate in this case. The substance of Plaintiffs' claims, involving alleged discrimination against elderly, disabled inmates and deprivations of appropriate medical care, are similar to numerous other cases litigated by *pro se* prisoners without the assistance of counsel. That Plaintiffs have chosen to file their claims jointly, and now find themselves incarcerated in different facilities, is a logistical and clerical problem inherent in their decision, not an affirmative reason to appoint counsel. Finally, the Court's Pro Bono Panel generally does not recruit attorneys to serve as potential class counsel because of the significant time commitment that is required and because those cases are more appropriately handled by attorneys with experience in class action litigation. Therefore, Plaintiffs' motions for appointment of counsel are DENIED.

Since this action began, the Clerk has docketed numerous motions provided by various Plaintiffs. For the sake of clarity, the Court will address the motions filed by Murdock separately from those filed by Powers. Almost every document submitted by Powers

---

[4] These factors are important, because the statute "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 310, 109 S. Ct. 1814, 1823, 104 L. Ed. 2d 318 (1989).

appears to have been docketed in this case in error.[5] On December 12, 2011, Powers filed a "Motion for Leave of Federal Court to Correct Clerical Mistake Final Decision and Order of the Tennessee Supreme Court and to Supplement the Records on Appeal with Corrected Order Tenn. R. of Ct. Rule [No.] 36; and Rule [No.] 16(A)(1)(F) or (G) November 9, 2011:" (D.E. 25.) That document, on its face, does not pertain to the instant suit under the ADA but, instead, seeks relief from one or more state-court convictions.[6] The document bears the case number 90-2225-H, as well as various state-court docket numbers. It appears that, because of the age of the case, the Clerk did not realize that 90-2225-H was a case number from this district and, instead, mistakenly filed the document in Powers' only open case.[7]

The following documents submitted by Powers were also erroneously filed in this case, rather than in case number 90-2225-H: "Petitioner's Supplement Pleading to the Records and Appendix:

---

[5] The sole exception is an "Addendum to Brief under the Americans With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 Through 12132 and 12112(B)(5)" (D.E. 24), which was filed by Powers on August 23, 2011.

[6] The Tennessee Supreme Court recently issued a decision on Powers' challenge to his state convictions under the Post-Conviction DNA Analysis Act. Powers v. State, 343 S.W.3d 36 (Tenn. 2011). Because Powers prevailed in his appeal to the Tennessee Supreme Court, which sought DNA testing of the remaining evidence pertaining to his two convictions for aggravated rape and his conviction for robbery by use of a deadly weapon, and because it appears that the state-court proceedings have not concluded, it is unclear why he is filing these various documents about his state-court convictions at this time.

[7] In 1990, Powers filed a petition pursuant to 28 U.S.C. § 2254, Powers v. Rone, No. 98-2225-H/A (W.D. Tenn.). On July 2, 1991, United States Magistrate Judge James H. Allen issued a report and recommendation recommending that the petition be dismissed. On August 2, 1990, United States District Judge Odell Horton adopted the report and recommendation and dismissed the petition. Judgment was entered on September 11, 1991.

That Petitioner's [sic] Received on December 16, 2011 from His Then Attorney of the Supreme Court of Tennessee, on September 30, 2011" (D.E. 26), which was filed on December 22, 2011; motion for appointment of counsel (D.E. 27), which was filed on December 28, 2011; and a letter docketed on March 2, 2012 (D.E. 29).[8] Other documents submitted by Powers use some variant of the correct case number for this matter (such as "Case No. 1:11-0220") but pertain to his state criminal cases and the documents he previously filed under docket number 90-2225-H: "Traverse Pleading" (D.E. 36), filed on April 25, 2012; petition for writ of mandamus (D.E. 37, 38 & 39), filed on June 7, 2012; an inquiry (D.E. 40), filed on July 20, 2012;[9] and an inquiry (D.E. 42), filed on August 8, 2012. To the extent Powers seeks leave to amend to file a habeas claim pertaining to his state-court convictions, leave to amend is DENIED. Because Powers' habeas matters are not properly considered in a civil suit under the ADA, the petition for a writ of mandamus (D.E. 37) is also DENIED. The Clerk is DIRECTED to remove D.E. 25, 26, 27, and 29, which were filed in this case in error, and to file them in case number 90-2225-H. The Clerk is further DIRECTED to file **copies** of D.E. 36, 37, 38, 39, 40, and 42 in case number 90-2225-H.

Another document filed by Powers is titled "Supplement Pleading for Protective Order and Preliminary Injunction to Keep

---

[8] That letter noted that the filing fee for a new habeas petition was paid on Powers' behalf on or after December 12, 2011. (D.E. 29 at 1.)

[9] That letter referred to the instant action as "this Criminal Case 1:11-0220." (D.E. 40 at 1.)

7

Correction Officers from Threatning [sic], Harassing and Cencoring [sic] Petitioner's In-Coming and Out-Going Legal Mail from Denying the Petitioner Adequate Medical Care and to be Free from Retaliation and [sic] by Correctional Officials and to be Protected from Harm" (D.E. 28), which was filed on February 28, 2012, also bears the docket number for case number 90-2225-H, as well as the various state-court docket numbers. That document, however, does not address Powers' state-court criminal cases and, therefore, it would not be appropriate to order that it be filed in case number 90-2225-H. The document also does not appear to have any bearing on Powers' ADA claims, the subject of the instant suit, because the filing does not include the docket number of this case, does not refer to the ADA, does not allege that Powers was retaliated against because he filed his ADA suit, and does not mention any action by any named Defendant. Instead, it appears that the filing asserts a new claim under 42 U.S.C. § 1983.

If Powers were the only Plaintiff, the Court might allow him to amend his ADA suit to add this new claim. Allowing an amendment to raise entirely unrelated claims pertaining to one of four plaintiffs against persons who are not parties to the instant case and arising under a different statute is administratively impractical and not in the interest of justice. Leave to amend is DENIED. If Powers seeks to pursue these claims, he must file a new complaint under 42 U.S.C. § 1983 and must pay a new civil filing fee.

Murdock has also filed several motions and documents. On August 3, 2011, he submitted a "Statement as to Each Defendant's Status/Involvement as to Discrimination Against Disabled Persons" (D.E. 23), which was purportedly filed on behalf of all Plaintiffs but was signed only by Murodock. That document seeks, *inter alia*, to dismiss the complaint against Defendant Mills, who has retired. (Id. at 1.) The Court CONSTRUES this filing as a voluntary dismissal of this Plaintiff's suit against Mills pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Thus, Murdock's claims against Mills are DISMISSED WITHOUT PREJUDICE.[10]

Since his transfer to the RMSI, Murdock has submitted additional motions and documents. On April 2, 2012, he filed two documents. The first, titled "Motion to Add Newly Named Defendants under Permissive Joinder Pursuant to [Fed. R. Civ. P.] 20(a)(2)(A)(B)" (D.E. 31), seeks to amend the complaint to add as additional Defendants RMSI Deputy Warden Lolie Jones and RMSI Medical Administration Director Desiree Andrews. The second motion, named "Motion to Incorporate Documentary Evidence, i.e. State Grievance as Required by Court Rule [and] Statute" (D.E. 32), seeks leave to amend to incorporate grievances and other documents addressing the provision of medical care to Murdock during his confinement at the RMSI. He filed two additional motions on April 23, 2012, namely, (1) another "Motion to Add Newly Named Defendants under Permissive Joinder Pursuant to [Fed. R. Civ. P.]

---

[10] Because Murdock cannot submit documents on behalf of any other Plaintiff, this filing does not affect the claims of the remaining Plaintiffs against Mills.

9

20(a)(2)(A)(B)" (D.E. 34), which seeks to add RMSI Warden Roland Colson, RMSI Deputy Warden Lolie Jones, RMSI Food Service Manager Robert Curtis, and RMSI Food Services Manager Linda Omtvedt, and (2) another "Motion to Incorporate Documentary Evidence, i.e. State Grievance as Required by Court Rule [and] Statute" (D.E. 35), which seeks leave to amend to incorporate grievances and other documents addressing the diet provided to Murdock during his confinement at the RMSI. The inmate has not, however, submitted an amended pleading incorporating claims against the proposed new defendants.

Even if Murdock's filings were all construed as proposed amendments, it is not in the interest of justice to permit him to assert new ADA claims against new defendants, all of whom are located in the Middle District of Tennessee. This is an ADA suit filed by four inmates arising from their confinement at the NWCX. Murdock is the only Plaintiff with claims arising out of his confinement at the RMSI. It is administratively impractical to allow each Plaintiff to amend to make allegations pertaining only to him that are unrelated to the original claims. The Court also is unable to grant injunctive relief on these claims because the new defendants are all located outside this judicial district. Therefore, Murdock's motions to add new defendants and to incorporate grievances are all DENIED without prejudice to his right to file a new ADA suit incorporating these claims in the Middle District of Tennessee.

On August 20, 2012, Murdock filed a motion to transfer this case to the Middle District of Tennessee pursuant to Rule 9.1(a)(c)

of the Multidistrict Judicial Panel.  (D.E. 43.)  Although this motion purports to be filed on behalf of all Plaintiffs, it was signed only by him.  The case was transferred from the Middle District of Tennessee because venue is proper in this district.  Murdock's transfer to the RMSI does not change that analysis because the claims asserted in the original complaint arise from actions occurring in this district and most of the Defendants are found in this district.  This motion is DENIED.

On September 7, 2012, Plaintiff Roberts filed a "Motion to Permissively Join Newly Named Individuals as Defendants Pursuant to [Fed. R. Civ. P.] 20(a)(2)(A)(B)" (D.E. 44), which sought to add MCCX Health Services Administrator Dan Walker and MCCX Assistant Warden for Programs Jennie Jobe.  That filing also included factual allegations addressing the medical care Roberts is receiving at the MCCX.  This motion is DENIED for the reasons previously stated in connection with the similar motions filed by Murdock.

IT IS SO ORDERED this 18th day of September 2012.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE